UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA    :

             -against-    :    19 Cr. 833 (SHS)

                 :    <u>OPINION & ORDER</u>

DERREK LARKIN,    :

             Defendant.    :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Derrek Larkin has moved pursuant to 28 U.S.C. § 2255 to vacate his sentence of 72 months' incarceration for conspiracy to commit wire fraud. (ECF No. 476.) Prior to filing this motion, Larkin had appealed his sentence to the United States Court of Appeals for the Second Circuit, (ECF No. 416), and his appeal remained pending at the time he filed this motion. The Court then reserved ruling on this motion until the resolution of his appeal. *See United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011). On May 9 of this year, the Court received the mandate from the Second Circuit stating that Larkin had withdrawn his appeal. (ECF No. 548.) Larkin's motion is now ripe for consideration.

    Larkin's application is based on three separate grounds. First, he alleges a violation of the Eighth Amendment's prohibition on cruel and unusual punishment on the basis that the Bureau of Prisons has failed to provide him with a CPAP machine for his sleep apnea. At the time of filing, Larkin was incarcerated at Federal Medical Center Devens; he has since been transferred to FCI Allenwood Low after prison officials determined there was no need to house him in a federal medical center. (ECF No. 525.) Second, Larkin alleges a miscarriage of justice on account of the disparity in the sentence he received compared to those received by allegedly more culpable co-defendants. Third, Larkin alleges medical negligence on the part of FMC Devens and its staff for their failure to address his medical needs, including sleep apnea, vertigo, and anxiety.

    Pursuant to the plea agreement he entered into with the government, Larkin specifically waived the right to collaterally attack his sentence pursuant to Rule 2255 in the following words:

> It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 92 to 115 months'

imprisonment, even if the Court denies the defendant's application for safety valve relief and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range.

(Gov't Ex. 1 at 5, ECF No. 516.) "A defendant's collateral waiver as part of a plea agreement is presumptively enforceable." *U.S. v. Palmer*, No. 12-cr-712 (SHS), 2015 WL 4460892, at *2 (S.D.N.Y. July 21, 2015) (citing *Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001)). "A defendant knowingly waives his right to collaterally attack his sentence if the record demonstrates that he 'fully understood the potential consequences of his waiver.'" *Id.* (quoting *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir.2004)). Larkin makes no allegation that his waiver was neither knowing nor voluntary, and indeed, the record clearly suggests the opposite. The Court questioned defendant regarding this waiver during his plea hearing and during his sentencing hearing; at both hearings, he confirmed that he understood the waiver. (Jan. 21, 2021, Tr. 21; Aug. 2, 2021, Tr. 32–33.)

Accordingly, the Court denies Larkin's motion because in his plea agreement he knowingly and voluntarily waived his right to collaterally attack his sentence. However, even absent this waiver, Larkin's motion would still fail in its entirety.

First, motions pursuant to section 2255 must challenge the sentence "as it was imposed, not to the manner in which it is being executed." *Diguardi v. United States*, 587 F.2d 572, 573 (2d Cir. 1978). Indeed, a motion challenging the manner in which a sentence is executed is more properly filed under 28 U.S.C. § 2241, against the warden of the defendant's facility and filed in the district of his confinement. *See Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (emphasis in original) ("A petitioner seeking to challenge the legality of the *imposition* of a sentence by a court may . . . make a claim pursuant to Section 2255 . . . . A challenge to the *execution* of a sentence, however, is properly filed pursuant to Section 2241."). Here, both the first and third grounds of Larkin's motion functionally concern his dissatisfaction with his medical treatment in prison. Section 2241, not section 2255, is the proper vehicle for challenging such conditions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). In addition, the Court notes that Larkin has also waived his right to collaterally attack his sentence under Section 2241. (Gov't Ex. 1 at 5, ECF No. 516.) Accordingly, the motion is denied as to the first and third grounds.

Finally, while Larkin's second ground—sentencing disparities—is more appropriate for a section 2255 motion, the Court denies the claim as meritless. Larkin was sentenced to 72 months' imprisonment, a not insignificant downward variance from the guideline range of 92 to 115 months. Larkin previously moved for compassionate release in part on this ground, and this Court explained why this challenge fails substantively:

> The Court sentenced Larkin . . . based both on his significant criminal history as well as on sentences given to defendants in a related conspiracy, *United*

> *States v. Ketabchi*, 17-cr-243. (Tr. 26–27, ECF No. 354.), and similarly situated defendants in general . . . . The Court also considered the widespread nature of the telemarketing fraud and the severe damage it caused to the livelihoods and wellbeing of the victims. *Id.* The fact that Larkin was on supervised release following a 70-month prison term for a federal narcotics conviction when charged with his crime here was highly relevant to the sentence he received.

(Opinion & Order dated Apr. 19, 2022, ECF No. 532). In considering this section 2255 motion, the Court's opinion as to whether Larkin faces an unjust sentencing disparity has not changed. His motion is also denied as to the second ground.

In sum, Larkin's motion pursuant to Section 2255 is hereby denied in full.

Dated: New York, New York
May 23, 2022

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.